**BRAUN et, v. CENTRAL TRUST CO., Exr. et.**

Common Pleas Court, Hamilton County.

No. A-124213.   Decided November 14, 1951.

DeFosset & DeFosset, Steer, Strauss & Adair, Cincinnati, for plaintiffs.

Smith & Smith, Starbuck Smith, Jr., Cincinnati, for The Central Trust Company.

Dinsmore, Shohl, Sawyer & Dinsmore, Richard Todd, Cincinnati, for Cerise Eyre Shepard.

## OPINION

By WEBER, J.

This matter is before the court for the purpose of construing the will of Oscar F. Shepard, deceased, who died on May 26, 1950 and whose estate is being administered in the Probate Court of Hamilton County, Ohio, No. 178746. The deceased was survived by his widow, Cerise Eyre Shepard, whom he married in 1946 and by two adult daughters, Ruth S. Braun and Jane S. Lowe. Pursuant to §10504-67 GC, plaintiffs requested the executor to file an action to construe the will, which request was refused. The plaintiffs then filed this action for the purpose of determining whether the provisions in Items 5 and 7 of the will are invalid because they violate the rule of perpetuities as defined in §10512-8 GC, the pertinent part of which reads as follows:

"No interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest. * * * It is the intention by the adoption of this section to make effective in Ohio what is generally known as the common law rule against perpetuities."

The only items of the will which are in controversy are Items 5 and 7 which read as follows:

"Item 5. (a) If my wife, Cerise Eyre Shepard, survives me, I give, devise and bequeath to The Central Trust Company of Cincinnati, Ohio, and its corporate successors, property which shall be selected by my Executor which at the inventory value shall be equal to one-half (½) of the amount obtained by deducting from the total value of my estate as shown by the inventory of my estate as approved by the Probate Court

in which my estate is administered all debts, funeral and administration expenses, and the year's allowance for the support of my widow, but without deducting any estate, succession or inheritance taxes, state or federal; this trust being herein referred to as my Marital Trust; and in the selection as aforesaid of the assets for said Trust my Executor shall select only assets which qualify for the marital deduction in the Federal Estate tax;

"(b) In Trust, however, for the following uses and purposes: to pay to my wife during her lifetime all the income from my Marital Trust in as nearly quarterly installments as may be practicable, and at least annually, and also to pay her at any time and from time to time during her lifetime such part or parts of the principal of my Marital Trust even to the extent of all thereof as my wife may deem necessary and suitable for her comfortable support and welfare; and upon her death to dispose of the then remaining principal if any of my Marital Trust as my wife may appoint by her last will in favor of her estate or any other appointee or appointees. Should my wife fail to exercise the power of appointment, then I direct that upon her death the then remaining principal if any of my Marital Trust shall be paid over share and share alike to my two daughters, Ruth S. Braun and Jane S. Lowe; should either of my daughters predecease my wife leaving issue surviving my wife, such issue shall take per stirpes the share such deceased daughter would have taken if living. As used in this paragraph of my will the term 'income' shall include everything which may be required to allow said marital deduction."

"Item 7. If my wife, Cerise Eyre Shepard, survives me, I give, devise and bequeath to The Central Trust Company of Cincinnati, Ohio, and its corporate successors, all the rest, residue and remainder of my estate, of every kind, real, personal and mixed, and wheresoever situated, of which I may die seized and possessed or of which I have the right to dispose at the time of my death, in Trust upon the trusts and for the uses and purposes as hereinafter set forth. This trust is herein referred to as my Residuary Trust.

"From the income collected from the residuary trust property, or from the principal if it deems best, the Trustee may pay any and all taxes which may be imposed upon the principal or income of the trust estate. The entire net income shall quarter-annually be paid to my wife as long as she shall live and the trust continue.

"At the death of my wife, or if she should remarry, my residuary trust shall end and the entire principal of the

trust estate and accumulated income shall be paid over share and share alike to my two daughters, Ruth S. Braun and Jane S. Lowe; should either of my daughters predecease my wife leaving issue surviving my wife, such issue shall take per stirpes the share such deceased daughter would have taken if living."

The claim that Item 7 is invalid is based upon the assumption that its provisions are dependent upon and are inseparable from the provisions of Item 5 and therefore the invalidity of the provisions of Item 5 renders invalid the provisions of Item 7.

The common law rule of perpetuities is a rule against remoteness of vesting of title. Its purpose is to locate, within the period prescribed, a complete vested title and thus prevent the removal of the property from the market for an unreasonable length of time. Consequently the rule applies only to indestructible contingent interests, which the rule renders invalid at the time of their creation if at that time it is possible that they may remain contingent longer than lives then in being and twenty-one years thereafter. With certain exceptions, not pertinent to this case, the rule applies to and compels the vesting of the legal as well as the equitable title.

It is clear that the equitable titles created by the provisions of Item 5 and by the provisions of Item 7 comply with the rule of perpetuities and are valid. This is conceded by the plaintiffs. Likewise the general power of appointment given to the widow satisfies the rule; whether the estates which she may create by the exercise of the power will satisfy the rule cannot be determined until said estates are created and therefore that question is not involved in this case.

The primary question before the court is whether the legal title of the trustee of the trust created by Item 5 was contingent at the effective date of the will, i. e., the date of the death of the testator and, if so, whether at that time said title might possibly remain contingent for a period longer than the time permitted by the rule of perpetuities. It is contended that the legal title of said trustee is contingent because it is either a springing executory interest or a shifting executory interest.

It is claimed that said title is a springing executory interest because its vesting depends upon the happening of conditions precedent, namely the completion of the selection by the executor of assets which qualify for the marital deduction in the Federal estate tax law, and also the prior payment of

debts and the final administration expenses and the year's allowance for the support of the widow, in order to determine that the assets selected equal in value one-half of the net inventory value. The law favors the early vesting of estates and consequently courts will not construe acts which are necessary to be performed in the administration of the estate as contingent events upon the happening of which depends the vesting of estates created by the testator unless the testator has used language which compels such a construction. But the plaintiffs contend that the appointment of the executor, the payment of debts, etc., in this case are acts which must precede and, therefore, are a part of the act of selection of specific property interests, and that the selection is a contingent event which must happen before the legal title to the property can vest in the trustee. It is clear that the act of selection may be merely an act of identification for the purpose of distributing specific property to satisfy a property interest which has already vested.

In Rea v. Griffin, 21 O. N. P. (N. S.) 129, the court held the following devise valid:

"I devise unto Lida Douglass * * * for life one hundred acres of land, to be taken out of what is known as the Warner land, in the following shape * * *."

69 Corpus Juris, Wills, Section 1371, p. 359:

"Where a gift consists of a definite portion of a larger quantity, it is not rendered void for uncertainty because of the failure of the testator to point out such portion specifically, but the devisee or legatee is entitled to select his portion."

In determining whether the act of selection by the executor of the specific property which is to constitute the trust res is a contingent event, the rule that the law favors the vesting of an estate must be applied. Unless there is clear language which compels the conclusion that the selection is a contingent event which must happen before the legal title vests in the trustee, such act of selection must be treated merely as an act identifying the property to be distributed.

The pertinent language of Item 5 is:

"If my wife * * * survives me, I give, devise and bequeath to the Central Trust Company * * * property which shall be selected by my executor which at the inventory value shall be one-half (½) of the amount * * *; and in the selection * * * of the assets * * * my executor shall select only assets which qualify for the marital deduction in the Federal Estate Tax;"

The gift is made by words in the present tense, "I give, devise and bequeath," and then the testator provides a formula

for ascertaining the one-half value and also a description of the kind of assets, i. e. such as qualify for the marital deduction. Regardless of the exact meaning of the word "shall," it is manifest that the selection must be made at some time after the death of the testator. But this is immaterial; there are no words, such as "after," "when" or "if," which would make the gift conditional upon the selection and which words would contradict the words "I give, devise and bequeath" which pass a present property interest.

In support of the contention that the gift to the trustee is contingent because it is in the nature of a springing executory interest, the plaintiffs cite the cases of:

Johnson v. Preston, 226 Illinois, 447:

"I give to my executor to have and to hold for the space of twenty-five years from and after the probate of this will."

In re Lord Stratheden Chancery Division (1894) 3 Chancery 265:

"One hundred pounds to the London Rangers on the appointment of the next Lieutenant Colonel."

Engels v. Mayer, et al., (1943) 1 All English Law Reports, 506:

A gift over was made "after the present war is terminated."

These cases are not in point; in all of them the property interest vested only "**from and after** probate"; "**upon** the appointment" and "**after** the termination of war."

In Item 5 of the will under consideration, not only is there an absence of such words indicating that the property right is to vest in the future and upon the happening of a contingency, but on the contrary the only words used vest the property right at once, postponing only the identification of the specific property, title to which vested at the death of the testator.

The alternative contention of the plaintiffs is that the legal title of the trustee to the assets in the marital trust is contingent because it must be acquired by way of a shifting executory interest. This contention is based upon the claim that an implied trust is created in the executor for the performance of the act of selection, etc. It is a well settled rule that where the will imposes upon the executor a duty which is in addition to and distinct from the duties inherent in his office of executor, and the performance of such duty requires that the executor have the legal title to property, an implied trust is created. If the legal title required by the executor to perform such duty is a fee or absolute title, any interest in said property given to another, even though by words of present conveyance, such as "I devise and bequeath," must

be by way of a shifting executory interest, that is, the performance of the duty is a contingency the happening of which defeats the title of the implied trustee and vests the title of the other donee.

In support of this claim the plaintiffs rely upon the following authorities:

Rule XX of the Probate Rules of Practice. "Whenever the closing of an estate depends upon the happening of an event and the estate has been administered so far as possible pending such event, the court may excuse the fiduciary from further accounting pending the happening of such event, providing the fiduciary does not have the funds in his hands belonging to said estate. If he is required to hold funds pending such an event, the matter will be considered as a trust, and accounts will be required every two years."

**Rudolph v. Schmalstig, 9 O. O. 452:**

"Wherein the executor was directed to pay certain legacies out of the income of the whole estate."

And also, Dean v. Mumford, 102 Michigan 510:

"Wherein an annuity for life was given to the widow to be paid by the executor out of income."

These authorities are not in point. In both cases the duty imposed upon the executor was clearly in addition to and distinct from the duties inherent in his office; also in both cases the duty of payment of income could not be performed unless title was impliedly vested in the executor as a trustee. In the case under consideration, in view of the duties imposed upon the executor both by the statutes of Ohio and the Federal estate tax law, in connection with the payment of inheritance and estate taxes, it is doubtful whether the duty of ascertaining the one-half value of the net assets and making selection of assets which comply with the marital deduction is strictly in addition to and distinct from the duties inherent in the office of executor. However, assuming that such is the character of this duty, the performance of it does not require the executor to have the fee simple or absolute legal title distinct from such title as he may take merely as an executor. The duty to select is a mere naked power which, unlike a power to appoint, does not create or destroy titles. As an illustration: A devises ten acres out of the center of a described one hundred acre tract and further directs that B, a surveyor, should determine the exact location of said ten acre tract. Surely B, the surveyor, is not compelled to acquire the title in the one hundred acres in order to perform the duty imposed upon him.

For the foregoing reasons the court holds that the title of the Central Trust Company as trustee to the property given by Item 5 vested immediately upon the death of the testator and the rule of perpetuities does not apply.

In view of the above holding it is not necessary to determine whether the period for the performance of the act of selection exceeds the period prescribed by the rule of perpetuities. However, it is the opinion of this court that while there is no definite period prescribed by the will for making the selection, the State statutes with reference to the administration of estates and the Federal estate tax law do prescribe periods for making the tax returns, which are within the period prescribed by the rule against perpetuities.

Also in view of the holding with reference to the provisions of Item 5, it is clear that the provisions of Item 7 do not violate the rule of perpetuities. But it is the opinion of this court that if the provisions of Item 5 did violate the rule of perpetuities, said provisions would be void from the death of the testator and therefore said assets would fall into and become a part of the general residuum disposed of in Item 7.

The court holds that the trust created by Item 5 and the trust created by Item 7 do not violate the rule of perpetuities and are valid.