BRAUN ET AL., APPELLANTS, *v*. THE CENTRAL TRUST CO., EXR. AND TRUSTEE, ET AL., APPELLEES.

(No. 7542—Decided May 19, 1952.)

*Messrs. DeFossett & DeFossett,* for appellants.

*Messrs. Smith & Smith,* for appellee The Central Trust Company.

*Messrs. Dinsmore, Shohl, Sawyer & Dinsmore,* for appellee Cerise Eyre Shepard.

MATTHEWS, J.   Oscar F. Shepard died testate on the 26th day of May, 1950.  His will, dated July 25, 1949, was admitted to probate on June 15, 1950.  There are twelve dispositive and enabling items in this will, but the legal sufficiency of items five and seven alone is drawn in question in this action to obtain a construction of it.   The legal effect of items five and seven are in no wise affected by the other provisions.

By items five and seven, the testator provided:

"Item 5. (a) If my wife Cerise Eyre Shepard, survives me, I give, devise, and bequeath to The Central Trust Company of Cincinnati, Ohio, and its corporate successors, property which shall be selected by my executor which at the inventory value shall be equal to one-half (1/2) of the amount obtained by deducting from the total value of my estate as shown by the in-

ventory of my estate as approved by the Probate Court in which my estate is administered all debts, funeral and administration expenses, and the year's allowance for the support of my widow, but without deducting any estate, succession or inheritance taxes, state or federal; this trust being herein referred to as my marital trust; and in the selection as aforesaid of the assets for said trust my executor shall select only assets which qualify for the marital deduction in the federal estate tax;

"(b) In trust, however, for the following uses and purposes: to pay to my wife during her lifetime all the income from my marital trust in as nearly quarterly installments as may be practicable, and at least annually, and also to pay her at any time and from time to time during her lifetime such part or parts of the principal of my marital trust even to the extent of all thereof as my wife may deem necessary and suitable for her comfortable support and welfare; and upon her death to dispose of the then remaining principal of any of my marital trust as my wife may appoint by her last will in favor of her estate or any other appointee or appointees. Should my wife fail to exercise the power of appointment then I direct that upon her death the then remaining principal if any of my marital trust shall be paid over share and share alike to my two daughters, Ruth S. Braun and Jane S. Lowe; should either of my daughters predecease my wife leaving issue surviving my wife, such issue shall take per stirpes the share such deceased daughter would have taken if living. As used in this paragraph of my will the term 'income' shall include everything which may be required to allow said marital deduction."

"Item 7. If my wife, Cerise Eyre Shepard, survives me, I give, devise, and bequeath to The Central Trust

Company of Cincinnati, Ohio, and its corporate successors, all the rest, residue and remainder of my estate, of every kind, real, personal and mixed, and wheresoever situated, of which I may die seized and possessed or of which I have the right to dispose at the time of my death, In trust upon the trusts and for the uses and purposes as hereinafter set forth. This trust is herein referred to as my residuary trust.

"From the income collected from the residuary trust property, or from the principal if it deems best, the trustee may pay any and all taxes which may be imposed upon the principal or income of the trust estate. The entire net income shall quarter-annually be paid to my wife as long as she shall live and the trust continues.

"At the death of my wife, or if she should remarry, my residuary trust shall end and the entire principal of the trust estate and accumulated income shall be paid over share and share alike to my two daughters, Ruth S. Braun and Jane S. Lowe; should either of my daughters predecease my wife leaving issue surviving my wife, such issue shall take per stirpes the share such deceased daughter would have taken if living."

The appellants contend that these provisions cannot be given effect, for the reason that the creation of the estates would violate the rule against perpetuities, as enacted by Section 10512-8, General Code. This section is as follows:

"No interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest. * * * It is the intention by the adoption of this section to make effective in Ohio what is generally known as the common-law rule against perpetuities."

It is appellants' contention that item five requires the executor to select the items of personal property which qualify for the marital deduction in the federal estate tax, that this selection constitutes a condition precedent to the vesting of the estates, that under this will at least five steps in administration, that is, complete administration of the estate by the executor, must be taken, before the selection can be made, and that there is no time prescribed by the will or the law within which this must be done, and, therefore, it cannot be said that these estates must vest, if at all, within a life or lives in being and twenty-one years thereafter.

On the other hand, the appellees contend that the will creates the estates *in praesenti*, that they vested immediately upon the testator's death, that the description in the will is sufficient to identify the trust *res*, and that that is all that is required. They deny, therefore, that the various steps in the administration of the estate and the selection of the specific items constitute a condition precedent to the vesting of these estates.

These contentions present questions as to the title to and rights in a decedent's personal property, and also the essential character of property required for the creation of a trust *res*.

Must the origin of the trust be postponed until the complete administration of this estate by the executor? Have the trustee and the beneficiaries no right or interest in these assets until the executor has made a selection and appropriated specific items to the trust fund? This will does not say so.

It is clear that the testator intended his widow to come into enjoyment of these estates at once on the ending of the administration of his estate. It is also clear that the duration of the administration could not be prolonged at the executor's untrammeled will.

There are standards to which its conduct must conform and the beneficiaries of the estate are not powerless to enforce compliance therewith. During the administration, the subject matter is *in custodia legis*, and as soon as this custody is released these estates will come into existence in their final form.

Let us consider for a moment the state of title to the personal assets during their custody by the personal representative. It is the generally accepted rule that the legal title to the personal property of the estate is vested in the personal representative with complete power over it for all the purposes of administration imposed by the law and the terms of the will. This title, however, is not for the personal representative's benefit. The beneficial title rests in those for whom the estate is being administered—the creditors, the next of kin or legatees. In 18 Ohio Jurisprudence, 48, Section 8, it is said: "Those who administer estates, viz., administrators and executors, stand in a dual capacity in several respects: They personally represent the deceased in settling his affairs and distributing his estate, as well as occupying a status as trustees for persons interested beneficially in the estate." And, of course, this rule is not peculiar to Ohio. In 21 American Jurisprudence, 537 *et seq.*, Section 283, it is said: "Although title to the personal property of a decedent vests in his executor or administrator, he takes such personal property in trust for the payment of the debts of the decedent and the distribution of the remainder among his next of kin, in accordance with the provisions of the will or the law. In other words, the personal property and assets belonging to a decedent's estate are said to be held *en autre droit*, and not under absolute ownership."

Now the qualifications of the title of the personal representative mark the limits of the title of the

creditor, next of kin or legatee, and the combination creates an absolute title, both legal and equitable.

But it is said that until the executor selects the specific assets and appropriates them to the purpose of creating the trust, there is no trust *res* and, therefore, no trust. It is urged that until there is this separation and appropriation, there is no equitable estate and as this may not take place within a life or lives in being and twenty-one years thereafter, the estates fail for remoteness. If it were admitted that these estates had their genesis only upon the selection and appropriation of specific assets, the conclusion might be admitted. We are of the opinion, however, that the trusts created by this will relate back to the date of the testator's death. 21 American Jurisprudence, 490, Section 211. The legal title of both the personal representative and the equitable title of the beneficiaries in a certain sense are in abeyance until the personal representative is appointed, but upon such appointment they relate back to the date of decedent's death. In another sense, their titles vest at once upon death, and actual distribution gives no new title. There is no intervening title. 21 American Jurisprudence, 539, Section 284. In fact, for all purposes of the law their combined titles vest immediately. There is no postponement. It logically follows that in contemplation of law the beneficiaries of these trusts were vested with the equitable title to the estates bequeathed to them, and The Central Trust Company, as executor, was holding the legal title in trust for The Central Trust Company, as trustee, from the date of the testator's death. In other words, during the administration of this estate there are two trusts—the trust, of which the executor is trustee, and the sub-trust, of which the testamentary trustee is the trustee.

The fact that during the administration of the estate the specific property has not been appropriated to the trust and the trust *res* is equitable in no way contradicts the existence of the trust.

In 1 Scott on Trusts, 438, it is said: ''A trust can be created although the parties do not know precisely what the subject of the trust is, if it can be ascertained from circumstances existing at the time of the creation of the trust. Thus a trust created by will of the residue of the testator's estate is of course valid although the amount of the residue cannot be ascertained until the amount of his assets and of his liabilities has been determined.'' And, at page 440, the same author said: ''In *Bay Biscayne Co.* v. *Baile* [73 Fla., 1120, 75 So., 860], it was held that where a person holding securities of the value of $19,400 undertook to hold in trust for another $15,000 worth of the securities, the selection of the particular securities to be made by the trustee, a valid trust was created.'' The author gives other instances in which courts have held that commingling did not prevent the creation of a trust.

Scott on Trusts discusses at great length the subject of the trust property. At page 456, he says: ''Equitable interests, as well as legal interests, can be held in trust.'' And, at page 457: ''Similarly the beneficiary of a trust, if his interest is transferable, can create a trust of his interest, * * * In such a case also there is a trust and a sub-trust; the beneficiary of the original trust * * * holds an equitable interest under that trust, but holds it as trustee for the beneficiaries of the new trust.''

It is true that the exact nature of the trustee's title will vary during the process of administration. In the beginning the executor has the legal title to all the assets of the estate in trust to respond to the rights

of all having beneficial interests. At that point, the ultimate trustee is a trustee of an equitable title to or charge upon the entire assets for the benefit of those equitably entitled under items five and seven. Upon selection from the entire assets of specific property, the title to or charge upon the entire assets is displaced by the exclusive title to the specific property. And, of course, at that point the title of the executor in the specific property appropriated to the trust ceases. However, during all these modifications of the title the trust *res* remains and is identifiable.

So we reach the conclusion that this testamentary trust came into existence upon the appointment of the executor and related back to the date of the testator's death, and that the vesting of the title of the beneficiaries was not conditional upon the selection of specific property, but vested immediately and, therefore, does not infringe the rule against perpetuities.

We have felt impelled to give our reasons for reaching the same conclusion as was reached by Judge Weber of the trial court (62 Ohio Law Abs., 127, 46 Ohio Opinions, 198, 104 N. E. [2d], 480), which we approve. Much of what we have said is implicit in his opinion.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur in the syllabus, opinion and judgment.